## HOME INS. CO. OF NEW YORK v. DUHE et al.

### No. 1981.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

James L. Helm, of New Iberia, for appellant.

Lawrence Simon, of New Iberia, and Percy & Bailey, of Baton Rouge, for appellees.

DORE, Judge.

This is a suit for damage to the automobile of one George Franklin resulting from a collision on October 2, 1936, in the City of New Iberia, between Franklin's automobile driven by him and defendant Duhe's oil truck driven by one of his drivers. The insurance carrier of the defendant Duhe is also made a party defendant. There is no serious dispute with reference to the amount of damage to the Franklin car, and it is admitted that the truck and car collided while the truck was being driven by the agent of Duhe while acting in the scope of his employment. Franklin was paid collision insurance by the plaintiff company under a policy issued to Franklin, and the latter subrogated his rights against the defendants to the plaintiff insurance company, so that the legal situation is the same as though Franklin himself were the plaintiff.

It is alleged by the plaintiff that Franklin was driving his automobile in a careful manner going west on West Madison or Pershing Street, a right of way street, and that the driver of Duhe's oil truck who was going north on Corinne Street at an excessive rate of speed failed to respect Franklin's right of way and to stop at the intersection of Corinne and Pershing Streets but recklessly and negligently drove the truck onto Franklin's car, causing the damage on which the suit is based. The defense is to the effect that the truck was run into by Franklin's car after the truck had entered the intersection, due to Franklin's reckless driving at an excessive rate of speed and his failure to stop at the intersection which was pre-empted by the truck, and, in the alternative, that the negligence of Franklin in failing to keep a proper lookout and in driving at an excessive rate of speed contributed to the accident.

The District Court found from the evidence that it was the speed of the auto of George Franklin that was the proximate cause of the accident, and on such finding rendered judgment in favor of the defendant dismissing plaintiff's suit at its costs. The plaintiff has appealed.

The only question before this court is one of fact, and it is correctly contended by counsel for the defendants that unless we can find from the record that the lower court manifestly erred in his findings, the judgment should be affirmed.

It is shown by the evidence that the collision occurred a few feet north of the center of Pershing Street and east of the center of Corinne Street. It appears, then, that the truck had gone from 25 to 30 feet from the entrance to the intersection of Corinne and Pershing Streets, while the Franklin car had gone less than 20 feet from the entrance to the intersection on Pershing Street. This is significant in determining which vehicle entered the intersection first. Obviously, if the two vehicles were going approximately at the same

speed, or if the truck was going at a speed less than that of the Franklin car, the truck was well in the intersection when the Franklin car entered it, and had already pre-empted the intersection.

We believe that the trial judge was correct—at least not manifestly in error—in his finding that the Franklin car was going faster than the truck. Franklin admits that he only slowed down from 3 to 5 miles per hour as he approached the intersection from the speed that he was making for one or two blocks before reaching the intersection, and Nassan Sarkies, a policeman, whose testimony is given great weight by the trial judge (and in our opinion rightly so), testified that a block or two from the intersection Franklin was going thirty-five or forty miles per hour.

It is significant, also, that while Franklin testified that he looked both ways before entering the intersection, he admits that he did not see the truck until it collided with his car. The evidence shows that he could see a car coming up Corinne Street for more than one hundred feet, so that it is apparent that he would have seen the approaching truck if he had been keeping a proper lookout.

■■ The evidence is very conflicting on the question as to whether the truck ran into the Franklin car or the Franklin car ran into the truck. The trial judge found that the Franklin car travelling at an excessive speed ran into the truck. He based his finding principally on the testimony of the policeman Nassan Sarkies, and Gustave Romero, a storekeeper, and we cannot say that he erred in accepting the testimony of these neutral and reliable witnesses in preference to that of certain other witnesses. Even if it be admitted that the conflicting evidence raises a doubt as to whether or not the collision was caused solely by Franklin's fast driving, and as to whether or not he ran into the truck, nevertheless it appears clear to us that Franklin's speed and failure to keep a proper lookout for the truck (which we are convinced had entered the intersection first) were at least contributing factors to the accident. Such contributory negligence would bar recovery on his part and, of course, on the part of his subrogee, the plaintiff herein, even though the driver of the truck was guilty of negligence in failing to stop before entering the intersection, driving too fast, or in failing to keep a proper lookout. The judgment is therefore affirmed.